## MICHAEL SIRAVO, RESPONDENT, v. SIRIAN LAMP COMPANY, APPELLANT.

Submitted February 16, 1940—Decided April 25, 1940.

For the appellant, *Kristeller & Zucker* (*Lionel P. Kristeller*).

For the respondent, *Gross & Gross* (*Isaac Gross* and *Bernard A. Green*).

The opinion of the court was delivered by

BODINE, J. This is an appeal from an alternative writ of *mandamus* allowed by Mr. Justice Parker. The writ directs the Sirian Lamp Company and the Sirian Wire and Contact Company, its wholly owned subsidiary, to present their books and records to a certified public accountant selected by the court for examination from a period beginning January 1st, 1937, to the present.

The Sirian Lamp Company, a Delaware corporation, maintains its office in the city of Newark and keeps all its books and records there. The Sirian Wire and Contact Company, a wholly owned subsidiary, is actively engaged in the manufacturing business in that city, and all of its books and rec-

ords are kept at the office of the Sirian Lamp Company. The applicant for the writ owns a substantial amount of the stock of the Sirian Lamp Company.

In awarding the examination, the Supreme Court was not regulating the affairs of a foreign corporation, but was affording an opportunity to stockholders having a substantial interest in the Sirian Lamp Company, with the aid of an impartial accountant, to examine the books and records of the company and its wholly owned subsidiary. The common law, when facts appeared as they do in this case, recognized the right of a stockholder to inspect the books of a corporation, if the application was made in good faith and concerning a matter germane to the protection of existing rights. *Feick* v. *Hill Bread Co.,* 91 *N. J. L.* 486, 488. The books and records being within this state and not subject, so far as we know, to inspection at the command of any other court, may be examined by direction of the Supreme Court. In fact, without such remedy the aggrieved stockholder, acting in good faith, would be denied a remedy for no reason whatever.

The writ is not in reality directed against the Sirian Wire and Contact Company, but to the corporation owning all of its stock. The records of the subsidiary were to all intents and purposes, as appears in this case, the books and records of the appellant. Hence, there was no process against a corporation not a party to the action.

The fact findings by the Supreme Court are not subject to review in this court, but it might nonetheless be said in passing that they find abundant support in the record.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13.

*For reversal*—None.